IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MUEIN DAOUD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 21-cv-6663 |
| | ) | |
| v. | ) | AMENDED COMPLAINT FOR |
| | ) | VIOLATION OF CIVIL RIGHTS |
| THE CITY OF CHICAGO, CHICAGO | ) | AND STATE SUPPLEMENTAL |
| POLICE LIEUTENANT SHOSHI, | ) | CLAIMS |
| STAR NO. 236, OFFICER MANUEL | ) | |
| PAREDES, STAR NO. 16850, | ) | |
| SERGEANT CHATTY, UNKNOWN | ) | |
| AND UNNAMED OFFICERS, WOW | ) | **JURY DEMANDED** |
| CHICAGO, DAVID SONNA, UCG | ) | |
| ASSOCIATES, INC., ANTHONY | ) | |
| CARUSO, AND UNKNOWN AND | ) | |
| UNNAMED SECURITY GUARD, | ) | |
| Defendants. | | |

**FIRST AMENDED COMPLAINT**

**JURISDICTION & VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1331, 1343, and 1367.

2. Venue is founded in this judicial Court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3. At all times mentioned herein, Plaintiff MUEIN DAOUD ("Plaintiff") was and is a citizen of the United States and was within the jurisdiction of this Court.

4. At all times mentioned herein, Defendant City of Chicago Police Lieutenant Shoshi, Star No. 236 ("Shoshi"), Officer Manuel Paredes, Star No. 16850 ("Paredes"), Sergeant Chatty, and Unknown and Unnamed Officers ("Unknown Officers") were employed by the City of Chicago Police Department and were acting under the color of state law and as the employees, agents, or representatives of the City of Chicago Police Department. These Defendants are being sued in their individual capacities.

5. At all times mentioned herein, Defendant City of Chicago ("City") was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all times relevant, the City maintained, managed, and/or operated the Chicago Police Department and the Chicago Park District.

6. At all times mentioned herein, Defendant Wow Chicago was a business with its principal place of business located in Chicago, Illinois. At all times relevant, Wow Chicago acted in concert and under color of law with the Chicago Park District and/or the Chicago Police Department through its employees, representatives, agents, and/or apparent agents.

7. At all times herein mentioned, the acts of David Sonna ("Sonna") were taken as an employee, representative, agent, and/or apparent agent of Wow Chicago and in his individual capacity. As further alleged below, Sonna also worked in concert and under color of state law, with employees and agents of the Chicago Park District and/or the Chicago Police Department. Wow Chicago is liable for all the acts and omissions of Sonna pursuant to the doctrine of *respondeat superior*.

8. At all times mentioned herein, Defendant, UCG Associates, Inc. ("UCG") was an Illinois corporation with its principal place of business located in Chicago, Illinois. At all times

relevant, UCG acted on behalf of and at the request of the Chicago Park District in connection with managing vendors and all Chicago Park District activities in connection with vendors on Park District property. UCG acted in concert and under color of state law, with the Chicago Park District and/or the Chicago Police Department through its employees, representatives, agents, and/or apparent agents.

9. At all times mentioned herein, the acts of Anthony Caruso ("Caruso") and Unknown and Unnamed Security Guard ("Unknown Security Guard") (collectively "Security Guards") were acting in concert and under color of state law with the Chicago Park District, and as employees, representatives, agents, and/or apparent agents of UCG and/or Wow Chicago, and in their individual capacities. UCG and/or Wow Chicago are liable for all the acts and omissions of the Security Guards pursuant to the doctrine of *respondeat superior*.

**FACTUAL ALLEGATIONS**

10. Plaintiff is an ice cream truck vendor, licensed to do business in the City as provided under the Chicago Municipal Code ("Code") and has licenses and permits issued by its Department of Business Affairs and Consumer Protection.

11. Under the Code, as an ice cream vendor, Plaintiff is considered a "Mobile Food Dispenser" – he sells "previously prepared food that is enclosed or wrapped for sale in individual portions."

12. Plaintiff's ice cream truck ("Truck") is a "motorized vehicle used to conduct a mobile food dispenser … business" and is considered a "Mobile Food Vehicle" under the Code. Under the Code, Plaintiff may operate his ice cream vending business throughout the City by

parking on public streets for up to four hours in one place at a time as a licensed Mobile Food Dispenser.

13. The City's "Mobile Food Vehicle Stands Program" explicitly provides for forty mobile food vehicle stand locations around the City, all of which the City's Commission of Transportation has established by posting street signs designating each stand's location. These stands are parking zones designated for Mobile Food Vehicles such as Plaintiff's Truck.

14. One such stand is located at approximately 437 S. Columbus Drive ("Columbus Stand"). The public signage indicates that licensed Mobile Food Vehicles may park and operate their businesses at that specific location for up to two hours. The Columbus Stand is located on the east side of S. Columbus Drive between Jackson Drive and Ida B. Wells Drive, adjacent to the Buckingham Fountain Flower Gardens.

15. In or about May 2014, Plaintiff settled a case with the City and its officers for substantially similar activity and wrongdoing as alleged in this complaint.

16. Upon information and belief, Sonna included in his 2021 Chicago Park District vendor application, as the owner of Wow Chicago, that he was planning on personally providing security onsite against any alleged unlicensed vendors that try to peddle in the vicinity. These are actions that were taken on behalf of and for the benefit of the Chicago Park District.

17. Upon information and belief, Chicago Park District and/or UCG accepted Sonna's application, including the request to provide personal security as alleged in the previous paragraph. .

18. Beginning in or around June 2021, the Security Guards prevented Plaintiff from operating his ice cream truck at the Columbus stand and/or in nearby locations. The Security Guards ordered Plaintiff to cease operating his truck and wrongfully claimed that he was not licensed and/or

4

permitted to operate his truck despite being properly licensed and permitted—the Security Guards were aware of this.

19. On August 27, 2021, the Security Guards ordered that Plaintiff cease operating his truck claiming that he was not licensed and/or permitted to operate his truck despite being properly licensed and permitted. After Plaintiff refused, the Security Guards called the police.

20. Plaintiff was ordered to cease operations and leave the Columbus Stand's vicinity by Paredes and other Unknown Officers. Plaintiff was given a ticket for operating his truck without a permit notwithstanding that Plaintiff was lawfully operating his truck.

21. On August 27, 2021, Plaintiff was properly licensed and permitted to operate his truck at the Columbus stand and made all relevant Defendants aware of that.

22. In being improperly given a ticket as set forth above, Plaintiff was wrongfully and unreasonably seized by Paredes and/or other Unknown Officers.

23. Plaintiff did not consent to the seizure.

24. There was no outstanding arrest warrant for Plaintiff. There was no legal cause to seize Plaintiff.

25. Again, on September 11, 2021, the Security Guards ordered that Plaintiff cease operating his truck claiming that he was not licensed and/or permitted to operate his truck despite being properly licensed and permitted. After Plaintiff refused, the Security Guards again called the police.

26. Plaintiff was again wrongfully ordered to cease operations and leave the vicinity of the Columbus Stand by Shoshi and other Unknown Officers. Plaintiff was again given a ticket for

operating his truck without a permit, despite the fact that Plaintiff was lawfully permitted to operate his truck as he was doing

27. On September 11, 2021, Plaintiff was properly licensed and permitted to operate his truck at the Columbus stand and made relevant Defendants aware of that.

28. In being improperly given a ticket as set forth above, Plaintiff was wrongfully and unreasonably seized by Shoshi and/or other Unknown Officers.

29. Plaintiff did not consent to the seizure.

30. There was no outstanding arrest warrant for Plaintiff. There was no legal cause to seize Plaintiff.

31. Plaintiff was unable to undertake his business as he was permitted to do throughout the summer of 2021 because of Defendants' actions.

32. On or about September 30, 2021, the charges for the violations outlined in the paragraphs above terminated in Plaintiff's favor, indicative of Plaintiff's innocence.

33. In a state court case, number, 2021 CH 04699, in February, 2022 a Court Order was entered acknowledging that Plaintiff was legally entitled to sell his ice cream as he was doing as set forth above.

34. As a direct and proximate result of one or more of the above-mentioned actions and/or omissions by Defendants, Plaintiff suffered significant injuries, including but not limited to the loss of liberty, invasion of privacy, humiliation and indignities, and suffered great mental and emotional pain in an amount yet to be ascertained.

35. The actions and/or omissions by Defendants as mentioned above were willful, wanton, malicious, oppressive, and done with reckless indifference and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

36. By reason of the actions and/or omissions mentioned above by Defendants, Plaintiff retained attorneys to institute, prosecute, and render legal assistance to him in the within action so that they might vindicate the loss and impairment of Plaintiff's rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I

**PLAINTIFF AGAINST PARADES, SHOSHI, CHATTY, AND UNKNOWN OFFICERS FOR UNREASONABLE SEIZURE**

36. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-six (36) hereat as though fully set forth at this place.

37. Defendants deprived Plaintiff of his rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

38. The arbitrary seizure of Plaintiff violated his Constitutional Rights and was not authorized by law. Defendants violated Plaintiff's rights by seizing him and his truck when he was being given tickets, without legal cause, for alleged violations as set forth above.

39. The foregoing was unnecessary, unreasonable, excessive, and therefore violated Plaintiff's rights. Accordingly, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### PLAINTIFF AGAINST DEFENDANT PARADES, SHOSHI, CHATTY, UNKNOWN OFFICERS, AND SONNA, CARUSO, AND UNKNOWN SECURITY GUARD ACTING IN CONCERT WITH CHICAGO PARK DISTRICT FOR VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS

40. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty-six (36) hereat as though fully set forth at this place.

41. By virtue of State Law, Plaintiff has a property interest in being able to conduct his business of selling ice cream from his truck in areas where the City Ordinances permit this activity.

42. Plaintiff also has a liberty interest in being able to conduct his business consistent with State and local law.

43. Defendants intentionally and or recklessly violated Plaintiff's due process rights when they repeatedly ordered Plaintiff not to sell his ice cream as alleged above and when they ticketed him and thus prevented him from selling his ice cream despite being lawfully entitled to do so with his proper permits.

44. The foregoing was unnecessary and unreasonable and violated Plaintiff's due process rights under the Fourteenth Amendment to the United States Constitution. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III
### PLAINTIFF AGAINST DEFENDANT POLICE OFFICERS AND THE CITY OF CHICAGO FOR THE CIVIL RIGHTS AND SUPPLEMENTAL STATE CLAIM OF MALICIOUS PROSECUTION

45. Plaintiff incorporates and realleges paragraphs one (1) through thirty-six (36) hereat as though fully set forth at this place.

46. Defendants caused a prosecution to commence against Plaintiff.

47. Defendants, police officers employed by the City of Chicago, maliciously commenced and caused continued prosecution against Plaintiff without probable cause for the institution of these proceedings.

48. Defendants initiated, facilitated, and/or continued this malicious prosecution by creating false evidence, giving false police reports, and/or preparing and signing false administrative violations against the Plaintiff.

49. As a result, Plaintiff was injured emotionally, financially, and otherwise from the loss of certain constitutionally protected liberty and related rights.

50. The proceedings were terminated in Plaintiff's favor, in a mannter indicative of Plaintiff's innocence on or about September 30, 2021.

51. The City of Chicago is liable to Plaintiff for Defendants' acts pursuant to the doctrine of *respondeat superior*.

52. Therefore, the individual Defendants and the City of Chicago are liable under the supplemental state law claim of Malicious Prosecution.

## COUNT IV

### PLAINTIFF AGAINST DEFENDANTS SONNA, CARUSO, AND UNKNOWN SECURITY GUARD AND UCG AND/OR WOW CHICAGO FOR THE SUPPLEMENTAL STATE CLAIM OF TORTIOUS INTERFERENCE WITH ECONOMIC ADVANTAGE

53. Plaintiff hereby incorporates and realleges paragraphs one (1) through thirty six (36) hereat as though fully set forth at this place

54. Plaintiff had a reasonable expectancy of entering into a valid business relationship, and Defendants knew Plaintiff had said expectancy.

55. Defendants prevented Plaintiff from entering into a valid business relationship.

56. Plaintiff was damaged financially and otherwise from the unlawful acts of Defendants.

57. Wow Chicago and/or UCG are liable pursuant to *respondeat superior*.

58. The interference of Plaintiff's business was intentional and unjustified, therefore, violating state law. Thus, Defendants are liable to Plaintiff.

**WHEREFORE**, Plaintiff MUEIN DAOUD, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows:

1. That Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That Defendants be required to pay Plaintiff's special damages, including but not limited to attorneys' fees, loss of profits, and loss of future profits;

3. That Defendants other than the City of Chicago be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act, or any other applicable provision;

4. That Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff has such other, and further relief as this Court may deem just and proper.

BY: s/ Peter T. Sadelski
Edward Fox
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
psadelski@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/ Peter T. Sadelski
Edward Fox
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
psadelski@efoxlaw.com