IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MUEIN DAOUD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 21-cv-6663 |
| | ) | |
| v. | ) | |
| | ) | |
| The City of Chicago, Chicago Police | ) | Honorable Jorge L. Alonso |
| Lieutenant Shoshi, Star No. 236, Officer | ) | |
| Manuel Paredes, Star No. 16850, Sergeant | ) | Magistrate Heather K. McShain |
| Chatty, Unknown And Unnamed Officers, | ) | |
| Wow Chicago, David Sonna, UCG | ) | |
| Associates, Inc., Anthony Caruso, and | ) | |
| Unknown And Unnamed Security Guard, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION FOR COST OF SERVICE AND ATTORNEY'S FEES**

Plaintiff Muein Daoud, by and through his attorneys, Ed Fox & Associates, Ltd., hereby moves this Court to grant an award for the costs of service of process and the associated attorney's fees against Defendants, Wow Chicago and David Sonna ("Sonna") pursuant to Rule 4 of the Federal Rules of Civil Procedure. In support of his Motion, Plaintiff states as follows:

**INTRODUCTION**

Pursuant to Federal Rule of Civil Procedural 4(d)(1), Plaintiff provided Defendants with notice that a civil action has commenced and requested that Defendants waive service of summons. *Exhibit A*. However, Defendants failed to waive service. Subsequently, Plaintiff served Sonna on behalf of himself and his company, Wow Chicago, with service of process. *Exhibit B*. Therefore, Plaintiff is entitled to (1) the expenses incurred in making service and (2) the reasonable expenses, including attorney's fees, of any motion required to collect these service expenses.

**BACKGROUND FACTS**

On or about April 29, 2022, Plaintiff filed an Amended Complaint adding Defendants, amongst others, into this lawsuit. *Dkt. 22*. May 2, 2022, Plaintiff's counsel sent correspondence to Defendants requesting a waiver of the service of summons. *Exhibit A*. The Waiver Request (1) was in writing and addressed to each Defendant; (2) identified this Court where Plaintiff filed the Amended Complaint; (3) was accompanied by a copy of the Amended Complaint, two copies of the waiver form, and a prepaid means for returning the waiver form; (4) informed Defendants of the consequences of waiving and not waiving service; (5) stated the date when the request was sent; (6) gave Defendants at least 30 days to return the waiver; and (7) was sent via certified mail. *Id.*

On July 22, 2022, Plaintiff's counsel asked Defendants' counsel Demijan Drnovsek ("Drnovsek ") if he planned on waiving service of process. *Exhibit C*. On the same day, Drnovsek asked Plaintiff's counsel to resend the waiver. *Id*. Later that day, Plaintiff's counsel's legal assistant resent Drnovsek the waiver. *Id*. On July 25, 2022, Plaintiff's counsel informed Drnovsek that his legal assistant had resent him the waivers. *Id*. Drnovsek responded that he had received them and would consult with his client. *Id*. On July 27, 2022, Plaintiff's counsel asked Drnovsek when he could expect the waivers. *Id*. Drnovsek responded that he did not have an update and did not know if his client would waive service. *Id*. He said that it does not seem like he will. *Id*. Plaintiff's counsel then reminded Drnovsek that if Defendants fail to waive service, they will have to be served with process and have to pay for those costs. *Id*. Drnovsek failed to respond. On July 29, 2022, Plaintiff's counsel filed a motion for additional time to serve Defendants. *Dkt. 41*. On August 2, 2022, this Court granted Plaintiff's motion. *Dkt. 44*. On August 5, 2022, David Sonna was served on his behalf and behalf of Wow Chicago. *Exhibit B*. As a result of Defendants' refusal

to waive service, Plaintiff incurred $120.00 for costs of service of process and $2,700.00 in associated attorney's fees, for a total of $2,820.00 *See, Exhibit D and E*, respectively.

## ARGUMENT

Rule 4(d) of the Federal Rules of Civil Procedure provides that a defendant has a duty to avoid unnecessary expenses of service. If a defendant refuses to waive service, the Defendant is required to pay the expenses of service, including attorneys' fees, unless they can show good cause for the failure to waive. Fed. R. Civ. P. 4(d); *United States v. First Midwest Bank*, No. 94 C 7365, 1995 WL 447762, at *4 (N.D. Ill. July 21, 1995). "[S]ufficient cause should be rare." Fed. R. Civ. P. 4 (Advisory Committee's Note, 1993 Amendment). "It is not a good cause for failure to waive service that the claim is unjust or that the Court lacks jurisdiction. However, sufficient cause not to shift the service cost would exist if Defendant did not receive the request or was insufficiently literate in English to understand it." *Id.*

This Court regularly imposes costs of formal service when, after proper notification, a party refuses waiver and unnecessarily increases litigation costs. *See, e.g.*, *Jones v. Hoosman*, No. 05 C 2909, 2006 WL 1302524, at *4 (N.D. Ill. May 9, 2006) (ordering Defendant to pay the cost of formal service, together with reasonable attorneys' fees); *Ceres Trading Grp. Inc. v. Dowdle*, No. 96 C 7236, 1997 WL 94739, at *3 (N.D. Ill. Feb. 28, 1997) (same). Indeed, in *First Midwest Bank*, the Court awarded costs for personal service and attorneys' fees after Plaintiff requested a waiver, did not receive a response within the 30-day requirement, and Defendant's attorney indicated that Defendant was unlikely to waive service. 1995 WL 447762, at *4.

Here, Plaintiff complied with Rule 4's requirements for requesting a waiver of service, yet Defendants, without good cause, refused such waiver. Nothing warranted Defendants' outright refusal to avoid the unnecessary expense of formal service. Plaintiff was therefore unnecessarily

required to serve Defendants formally and is now entitled to a total of $2,820.00 in reimbursement, equaling (1) the total costs of formal service and (2) the reasonable associated expenses, including attorneys' fees. *See, Exhibit D and E*, respectively.

## **CONCLUSION**

For the foregoing reasons, Plaintiff Muein Daoud, by and through his attorneys, Ed Fox & Associates, Ltd., respectfully requests that this Court enter an award for the costs of service of process against Defendants David Sonna and Wow Chicago, totaling $2,820.00 for the costs of service of process and the associated attorneys' fees.

Respectfully submitted,

/s/Peter T. Sadelski
ED FOX & ASSOCIATES, Ltd.
*Attorneys for Plaintiff*
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
psadelski@efoxlaw.com